ADA HARRISON V. MABLE HARRISON, Executrix, Appellant.

**Estates of decedents:** CLAIMS: SUPPRESSION OF EVIDENCE. It is not
1   error to exclude the evidence of a witness for defendant, as to
where she went and what she did when plaintiff attempted to keep
her from the trial, where she is allowed to give her evidence on
the merits of the case.

**Suppression of evidence:** EFFECT OF. An attempt to keep an adverse
2   witness from testifying is an admission that the evidence is deemed
unfavorable, and not that the party is making an unjust or false
claim.

**Claim for services.** Under the showing made, a daughter is held
3   entitled to compensation for services rendered her father, out of
his estate, although her contract was not completed at his death.

**Pleadings:** PROOF. No formal pleading in support of a claim for ser-
4   vices filed in probate is required, and though the same is in the
nature of a petition, that strict conformity of proof is not exacted
as in an ordinary action; and where the evidence tends to establish
both an express agreement and a natural expectation of payment,
it is not error to submit both issues to the jury.

**Limitation of claim for services.** Where plaintiff was not to be com-
5   pensated for services until the indebtedness of deceased was paid
off, and he died prior thereto, the statute of limitations did not
commence to run until his death.

*Appeal from Dallas District Court.*— HON. J. H. APPLE-
GATE, Judge.

WEDNESDAY, JULY 13, 1904.

THE plaintiff is the daughter of G. W. Harrison, de-
ceased, and files a claim against his estate for services ren-

dered him during his lifetime. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*D. H. Miller* and *Shortley & Harpel* for appellant.

*White & Clarke,* for appellee.

SHERWIN, J.— Mrs. May Chestnutwood testified for the defendant, and after her testimony on the merits of the case she further testified that she had attempted to avoid being a witness in the case, and that before she had been subpœnaed, the plaintiff, at her request and with knowledge of her purpose, had taken her to a railway station in pursuance of her design to secrete herself during the trial of the case. She also testified fully as to the conversation between the plaintiff and herself relative thereto, and as to where she went. This testimony was all given in the presence of the jury, and after it was concluded the plaintiff moved the exclusion of so much thereof as related to where the witness went, and as to what she did, as immaterial, and because the witness had already testified fully as to material facts in the case. This motion was sustained, and the ruling is assigned as error. There was no error in the ruling. The testimony as to the plaintiff's part in the transaction was not stricken out, but was left for the consideration of the jury. Furthermore, the witness was present and gave her testimony on the merits of the case.

1. SUPPRESSION OF EVIDENCE.

It is contended by the appellant that the attempt to suppress the testimony of this witness was in the nature of an admission that the plaintiff's cause was without merit, but we are cited to no case which holds the admission to be as broad as claimed. The rule is that the suppression of evidence is an admission that it is deemed unfavorable to the party suppressing it. 1 Greenleaf on Evidence, section 195a; 19 Am. & Eng. Enc. of Law (1st Ed.) 72. In *Kidd v. Ward,* 91 Iowa, 371, we held that

2. SUPPRESSION OF EVIDENCE: effect of.

an attempt to bribe witnesses or jurors was an admission that the party's cause was unjust, and with this rule we are well satisfied, but an attempt to keep an adverse witness from testifying is not in our judgment an admission that the party is making an unjust or a false claim; witnesses see facts differently, and almost every trial of an issue of fact demonstrates that they may testify honestly and still be mistaken. When the witness is in fact present and testifies, the jury has before it his full knowledge, and is the sole judge of its character and weight, and determines whether it is favorable or unfavorable to the party.

There was evidence tending to show that the understanding between the appellee and her father was that she should remain at home and assist him in the care of the house, farm, and stock, and help pay off the debts, and that when the debts were paid off he

3. CLAIM FOR
SERVICES.

would compensate her for her services. There is but little question that the appellee worked faithfully and well towards the consummation of this understanding. The death of her father before the debts were paid or materially reduced made it impossible for her to complete the agreement, but this should not deprive her of the just compensation which her faithfulness and years of toil merit. We conclude, therefore, there was no error in rejecting evidence of the indebtedness at the time of the father's death. There was no showing that she was responsible for the debts, or that she had in any manner or in any respect failed to comply with her undertaking relative thereto. *Thompson & Son v. Brown,* 106 Iowa, 367; *Duncan v. Gray,* 108 Iowa, 599.

A letter written by the defendant to a younger daughter who was then in a distant State was offered by the defendant and excluded. It was in substance that the appellee was averse to having this daughter at home, and it is said that it tends to prove there was no expectation on the part of the deceased to pay the appellee for her services. A fair con-

struction of the letter, however, furnishes no ground for such contention, and it was properly excluded.

This was a claim filed in probate, stated as follows: "Plaintiff claims of Mable Harrison, executrix of the last will and testament of G. W. Harrison, deceased, the sum of

**4. PLEADINGS: proof.** twenty-four hundred dollars, and interest, * * * for and on account of services rendered the decedent in his lifetime, and bases such claim upon the following facts." It was then recited that the deceased agreed to see that she was compensated for her services. No answer to the claim was filed, and it was simply denied by force of the statute. There was evidence, which was received without objection, of the mutual expectation of payment, and also of an express promise to pay, and the court instructed upon both theories. Were this an action in which formal pleadings are required, there would still be a question whether the defendant had not waived the insufficiency of the petition by treating the matter as in issue, but under the statute no petition or other formal pleading is necessary, and while the claim stated is in the nature of a petition and takes its place, the same strict conformity of proof to statement that would be required in an ordinary action is not required here. It must be remembered that the plaintiff was a daughter and a member of the family, and that an express agreement for compensation, or a mutual expectation that it should be paid, must be proven, and when either is proven a recovery may be had. *Resso v. Lehan,* 96 Iowa, 45. In this case the evidence is ample to support both theories, and we think there was no error in submitting both to the jury. *Resso v. Lehan, supra; McGarvy v. Roods, Adm'r,* 73 Iowa, 363; *Cowan v. Musgrave, Ex'r,* 73 Iowa, 384; *Scully v. Scully's Ex'r,* 28 Iowa, 548.

What we have heretofore said disposes of the contention that the instructions on the expectation theory were erroneous, because payment of the plaintiff was conditioned upon the discharge of the indebtedness. There was competent

evidence of the value of the plaintiff's services, and it was wholly undisputed. It was therefore proper for the court to instruct thereon.

As we have said, there is sufficient evidence of expectation to support the verdict, and this reaches back to the beginning of the services in 1892 or 1893, hence the statute of limitations cannot be invoked as to any part of the claim. Furthermore, the plaintiff was not to be paid until the indebtedness was discharged, and the statute would not begin to run in any event until the death of the father. *Bennett v. Lutz*, 119 Iowa, 215.

5. LIMITATION OF CLAIM FOR SERVICES.

We find no error for which the case should be reversed, and it is therefore AFFIRMED.