In re Estate of W. A. Kessler.

HAROLD L. HAIGHT, Administrator, et al., Appellees, v. A. P. MOORE et al., Appellants.

No. 40685.

634

December 16, 1931.

Bolter & Murray and C. W. Kellogg, for appellants.

M. B. Baily, Robertson & Wolfe, and Havens & Elston, for appellees.

Wagner, J.—F. W. Curtis, who was the executor of the estate of W. A. Kessler, deceased, died December 7th, 1925. It appears that Gertrude M. Curtis was appointed executrix of the Curtis estate, and she filed a final report for and in behalf of F. W. Curtis, as executor of the Kessler estate. To this report, objections were filed. It appears that thereafter Harold L. Haight was appointed administrator with the will

annexed of the Kessler estate and also of the Curtis estate. On October 31, 1928, an application was filed alleging the dissipation of the funds of the Kessler estate by Curtis while acting as executor, and asking a full and complete accounting of the assets of the Kessler estate, and that the court should determine the amount owing said estate by reason of the dissipation of the funds by Curtis, and asking that the time and place of the hearing be fixed and notice prescribed. The court fixed November 13, 1928, as the time for the hearing, and ordered that notice of such hearing be served upon Haight, administrator with the will annexed of the Curtis estate, ten days before such hearing. Notice was duly served in strict accord with the order of the court. At the hearing on November 16, 1928, the court found:

"That the estate of F. W. Curtis, deceased, was indebted to the estate of W. A. Kessler, deceased, in the sum of $4,787.14 with interest thereon at the rate of six per cent per annum from said date because of the fraudulent dissipation of the funds of the estate of W. A. Kessler, deceased, by the said F. W. Curtis, as executor thereof."

And the court ordered:

"That the estate of F. W. Curtis, deceased, pay into this court, for the benefit of the estate of W. A. Kessler, the said sum of $4,787.14, with interest thereon as above stated, together with the costs of this action."

Payment of the aforesaid amount was not made, and thereupon this summary action was brought against the defendants-Moore, who are sureties upon the bond of Curtis, as executor of the Kessler estate. In their application, the plaintiffs ask judgment against the sureties for the sum previously found by the court to be the amount of Curtis's shortage. The defendants appeared and filed resistance. They therein admit the execution by them of the bond, and further admit that on November 16, 1928, the court made an order rendering judgment against the estate of F. W. Curtis in favor of the Kessler estate in the sum of $4,787.14. They further plead that said order and judgment were obtained without notice to them; that Haight is the administrator with the will annexed of both the Curtis estate and the Kessler estate; that Curtis died December 7, 1925.

"And no claim for the amount of judgment against the F. W. Curtis estate in favor of the W. A. Kessler estate was filed against the estate of F. W. Curtis, deceased, until late in the fall of the year 1928, and long after the year for filing claims against the same had passed; that any claim in favor of the W. A. Kessler estate against the estate of F. W. Curtis, deceased, was long barred by the Statute of Limitations, before any claim was filed against the estate of F. W. Curtis, deceased, in favor of the estate of W. A. Kessler, deceased, or any person or persons connected with said Kessler estate; that well knowing the fact that such claim was barred, well knowing there were no sufficient reasons or equitable grounds for setting aside the bar, or requiring a showing as to such grounds, the said Harold L. Haight, administrator C. T. A. of the estate of F. W. Curtis, deceased, fraudulently and in collusion with the administrator C. T. A. of the estate of W. A. Kessler, deceased, allowed said claim and permitted the same to be approved * * *."

The plaintiffs filed a motion to strike all of the defendants' resistance or answer, except the admissions hereinbefore mentioned, basing their motion upon the following grounds, to wit:

"(1) Said bondsmen A. P. Moore and D. V. Moore admit that they executed the bond, a copy of which is attached to the Application for Judgment against the Bondsmen, and made a part thereof.

"(2) That said bondsmen in said answer have not alleged any facts showing any acts of fraud or mistake in the obtaining of said order, wherein any advantage was taken or any misrepresentation or error or mistake was made in obtaining said order for judgment for the sum of $4,787.14 against the estate of F. W. Curtis, deceased.

"(3) That claim was duly filed in the office of the clerk of this court, by the legatees under the will of W. A. Kessler, deceased, against the estate of F. W. Curtis, deceased, on the 26th day of January, 1927.

"(4) That said order and judgment of November 16, 1928, herein is an adjudication and determination of the liability of said A. P. Moore and D. V. Moore, bondsmen, to the estate of W. A. Kessler, deceased.

"(8) That said Answer and Resistance to Application for

Judgment against Bondsmen, does not show that said bondsmen have a defense to said cause of action, were said order and judgment vacated and set aside.

"(9) That the said bondsmen have no defense to this action if the judgment herein were set aside.

"(10) That said bondsmen are not entitled in law to appear and make any defense to the rendering of the order and judgment made by the court on the 16th day of November, 1928, nor have they right to appear and attack directly or collaterally the judgment and order, made on November 16, 1928, upon the showing made in their Answer and Resistance. :

"(11). That each and all · the statements made in . the Answers and Resistance herein, except the admissions made therein by said bondsmen, are sham, irrelevant, immaterial and redundant."

Grounds 5, 6 and 7 are lengthy, and as we view it, immaterial in the determination of the controversy. This motion to strike was sustained, and the defendants elected to stand upon their answer or resistance, and thereupon, judgment was rendered in favor of Haight, as administrator with the will annexed of the Kessler estate, against the defendant-sureties for the amount previously found by the court to be the amount of the shortage by Curtis, as executor, with interest and costs.

Do the averments of the answer, which were stricken by the court, constitute a defense for the bondsmen? The case is controlled by our pronouncement in In re Estate of Carpenter, 210 Iowa 553, wherein the same Curtis was formerly executor of the Carpenter estate and liable thereto by reason of dissipation of the funds of said estate. The bondsmen were not necessary parties in the proceeding wherein the amount of Curtis's shortage·was determined, and in the absence of fraud or mistake, the adjudication of the amount by the court is binding upon them. See Tucker v. Stewart, 147 Iowa 294; In re Estate of Carpenter, 210 Iowa 553.

There is no allegation in the resistance that Curtis did not have the amount of money belonging to the Kessler estate, and no allegation that the amount adjudicated by the court is incorrect. Therefore, there is no allegation of mistake. Neither is there sufficient allegation of fraud to constitute a defense.

Haight was the administrator with the will annexed of both the Kessler and Curtis estates. He had the legal right to serve in both capacities; and because he was administrator of both estates, the defendants aver as a conclusion that "the said Harold L. Haight, administrator C. T. A. of the estate of F. W. Curtis, deceased, fraudulently and in collusion with the administrator C. T. A. of the estate of W. A. Kessler, deceased, allowed said claim and permitted the same to be approved," etc. The statement "fraudulently and in collusion" is a conclusion, and insufficient to constitute an allegation of fraud. We must, therefore, look at the remaining averments of the resistance to ascertain whether they are sufficient to constitute fraud. See Ockendon v. Barnes, 43 Iowa 615; Kerr v. Steman, 72 Iowa 241; Hoon v. Hoon, 126 Iowa 391; Mills & Co. v. Collins, 67 Iowa 164; In re Estate of Rule, 178 Iowa 184.

The appellants in their answer and resistance allege, in substance, that Haight, as administrator of the Curtis estate, did not plead as a defense the special statute of Limitations provided for by Section 11972, Code, 1927; but this cannot constitute fraud as against them, the sureties on his bond. The undertaking of the sureties was that the principal, as executor of the Kessler estate, would "render a true account of his office and of his doings therein to the proper authority when required thereby or by law, and will promptly pay over to the person or officer entitled thereto all money which may come into his hands by virtue of his said office," etc. The court found that Curtis had received the aforesaid amount which properly belonged to the Kessler estate. He made the order that payment should be made. The sureties' undertaking was that it should be paid, if not by the principal, then by them. They do not in their answer or resistance state or even insinuate that the amount is incorrect. They became liable for this amount found by the court to be owing from the Curtis estate, without the filing of any claim against the estate of their dead principal. See In re Estate of Carpenter, 210 Iowa 553, at 560; Jackson v. Benson, 54 Iowa 654; 50 A. L. R. 1214; Tucker v. Stewart, 147 Iowa 294. It is not alleged that Haight did anything in the matter that was illegal or improper. They have not been damaged or injured by any act of Haight's. The court was not in error in

striking the averments of the answer or resistance, because they did not and could not constitute a defense.

The judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.