In re Estate of W. A. Davie.

Victor A. Johnson, Administrator, Claimant, Appellee, v. H. W. Van Horn et al., Administrators, Defendants, Appellees; Fidelity & Deposit Company, Defendant, Appellant.

No. 44278.

APRIL 5, 1938.

 

John A. Murray, for claimant-appellee.

Wm. P. Welch, for defendants-appellees.

Havens & Evans, for defendant-appellant.

KINTZINGER, J.—The record in this case shows that W. A. Davie, decedent, died April 17, 1929, and H. W. Van Horn and Mabel Cook were appointed administrators of his estate. The record also shows that the claimant, W. H. Johnson, filed his claim against the Davie estate on October 9, 1929, and that immediately after filing the claim it was admitted by the administrators as a just and correct claim of the third class; it being filed within six months after the publication of the first notice of the appointment of the administrators. No objections were ever filed against this claim.

The claim not having been paid for several years after it was admitted as a just claim by the administrators, it was brought on for hearing and allowance by the court on December 5, 1935, the claimant appearing by his attorney, and the administrators appearing by their attorney. At this hearing, decedent's note to the claimant dated July 1, 1916, was admitted in evidence, showing a balance due claimant thereon in the sum of $1,633, with 8 per cent interest, which amount was found to be justly due from the decedent's estate to claimant.

It was also stipulated in the record in that action that:

"There has come into the hands of the administrators suffi-

cient funds to have paid the expenses of the administration, court costs, and all preferred claims, and claims of the third class in full, had the same been properly applied.''

Upon submission of the claim to the court, an order was entered December 5, 1935, allowing the claim in the sum of $2,621.12 as a claim of the third class and providing therein that ''the administrators of this estate are hereby ordered to pay said claim at once.'' No exception was taken to the order, and no appeal was ever taken therefrom.

Thereafter on February 29, 1936, the claim being still unpaid, appellee filed an application for a judgment against the administrators and surety on their bond, under the authority of sections 11984 and 11985 of the Code of 1935. The defendant surety company filed an answer and resistance to said application on the grounds of lack of jurisdiction, fraud, collusion, and mistake.

This was an ordinary action tried before the court without a jury. At the conclusion of the hearing upon this application, the court entered judgment against the principals and their surety on the administrators' bond. Defendant surety company appeals.

I. Appellant contends that the court erred in entering judgment because there was no written prayer asking for an order requiring the administrators to pay the claim ''at once'', when it was allowed by the court on December 5, 1935.

Of course, the only pleading before the court at the hearing on the allowance of the claim was the claim filed by appellee on October 9, 1929. That was simply an informal claim, duly sworn to, filed against the estate upon decedent's note, upon which there was a balance due in the sum of $1,633, with interest at 8 per cent. The court found there was justly due thereon the sum of $2,621.12, and that said indebtedness is a claim of the third class. The order entered by the court was as follows:

''It Is Therefore Ordered and Adjudged that the claimant's said claim in the amount of Twenty-six Hundred Twenty-one & 12/100 Dollars ($2,621.12) be and the same is hereby allowed and established as a claim of the third class against the estate of W. A. Davie, deceased, *and the administrators of this estate are hereby ordered to pay said claim at once.''* (Italics ours.)

■■■ It is the well-recognized rule in Iowa that claims in probate are not subject to the same strict rules of pleading as required of pleadings in other ordinary actions. Harrison v. Harrison, 124 Iowa 525, 100 N. W. 344; University of Chicago v. Emmert, 108 Iowa 500, 79 N. W. 285; Craig v. Craig Estate, 167 Iowa 340, 149 N. W. 454; Chariton Nat. Bank v. Whicher, 163 Iowa 571, 145 N. W. 299; Thompson v. Romack, 174 Iowa 155, 156 N. W. 310.

In Harrison v. Harrison, 124 Iowa 525, loc. cit. 528, 100 N. W. 344, 345, we said upon this rule:

"Were this an action in which formal pleadings are required, there would still be a question whether the defendant had not waived the insufficiency of the petition by treating the matter as in issue, but under the statute no petition or other formal pleading is necessary, and, while the claim stated is in the nature of a petition and takes its place, the same strict conformity of proof to statement that would be required in an ordinary action is not required here."

Section 11957 of the Code provides that:

"Claims against the estate shall be clearly stated, and, if founded upon a written instrument, the same or a copy thereof * * * shall be attached as a part of the statement * * *."

Section 11958 requires the statement to be sworn to and filed with the clerk of the district court. This was all done. Nothing in the statute requires a statement to contain any specific form of pleading, or any prayer at the end of the statement. This claim had been filed and admitted as a claim of the third class by the administrators, and as such was not required to contain any prayer, either for an allowance in the amount due, or for an order upon the administrators to pay the same. The claim had been admitted several years before it was called up in court for allowance and for an order requiring the administrators to pay the same.

■■■ The record on the hearing of this claim for allowance and order shows that the administrators had received more than sufficient funds to pay all preferred claims and claims of the third class. The court therefore had jurisdiction not only to allow the claim but to order its payment at once.

Code section 11984 provides as follows:

"If the executor or administrator fails to make any payment in accordance with the order of the court, any person aggrieved thereby may, on ten days' notice to him and his sureties, apply to the court for judgment against them on their bond."

Section 11985 provides:

"The court shall hear the application in a summary manner, and may render judgment against them for the amount of money directed to be paid, and costs, and issue executions against them therefor."

These statutes imply that in cases of this nature where sufficient funds have been received by the administrators to pay all such claims, and where they allow the payment thereof to be delayed for an undue length of time, the court has ample jurisdiction to order their immediate payment, without a prayer for such order.

In addition to the foregoing, it may be said that no exceptions were taken to the order of court requiring the payment of this claim "at once", and no appeal was ever taken from the court's order so entered.

■■■ The surety is not a necessary party in proceedings where the amount of the administrator's liability is determined, and in the absence of fraud or mistake the adjudication of the amount found due by the court is binding upon the surety. The action of the lower court in allowing the claim and making the order requiring its immediate payment was a final adjudication thereon by the lower court, unless fraud or collusion is shown. Tucker v. Stewart, 147 Iowa 294, 126 N. W. 183; In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376; In re Estate of Kessler, 213 Iowa 633, 239 N. W. 555.

In the case of In re Kessler's Estate, 213 Iowa 633, 636, 239 N. W. 555, 556, a claim was presented and allowed by the court without objection on the part of the administrator. One of the defenses urged in that case against the claim made against the estate was that "no claim for the amount of judgment * * * was filed against the estate * * * until * * * long after the year for filing claims * * * had passed." In that case the court said (213 Iowa 633, loc. cit. 637, 239 N. W. 555, 556):

"The case is controlled by our pronouncement in In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376, wherein the same Curtis was formerly executor of the Carpenter estate and liable thereto by reason of dissipation of the funds of said estate. The bondsmen were not necessary parties in the proceeding wherein the amount of Curtis's shortage was determined, and in the absence of fraud or mistake, the adjudication of the amount by the court is binding upon them. See Tucker v. Stewart, 147 Iowa 294, 126 N. W. 183; In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376."

The sureties on the bond of an administrator are not entitled to notice of the proceedings wherein the probate court determines the amount the administrator is short in his accounts, and the adjudication made therein by the court is final as to such sureties. In re Kessler's Estate, 213 Iowa 633, 239 N. W. 555; In re Carpenter's Estate, 210 Iowa 553, 231 N. W. 376; Weber v. Noth, 51 Iowa 375, 1 N. W. 652.

Under the circumstances in this case, we are constrained to hold that the court had jurisdiction to enter the order made.

II. Appellant also contends that the court erred in entering judgment against the appellant for the amount found due appellee on his claim, because the judgment was entered through fraud, collusion, or mistake. The allegations of defendant's answer and resistance simply state that the order of the court requiring the administrators to pay said claim in full and "at once" was void, in that it was obtained in a proceeding in which the appellant was not a party, and of which it had no knowledge, and *was obtained through mistake, collusion, and constructive fraud;* and that in said proceeding it was erroneously and mistakenly stipulated by counsel for said claimant and administrators in substance that: "There had come into the hands of the administrators sufficient funds to have paid the expenses of administration, court costs, and all preferred claims and claims of the third class in full had the same been properly applied;" whereas, in truth and in fact, the funds which came into the hands of said administrators were insufficient to have paid the expenses of administration, court costs, all preferred claims, and claims. of the third class in full.

The court did not err in allowing the claim and making the order for its payment "at once" because the surety was not

a party to that action. That was an action against the estate, and as stated in the previous division of this opinion, the surety was not a necessary party therein, and it was not necessary to make it a party thereto. Tucker v. Stewart, 147 Iowa 294, 126 N. W. 183; In re Estate of Carpenter, 210 Iowa 553, 231 N. W. 376; In re Estate of Kessler, 213 Iowa 633, 239 N. W. 555.

■■■ Appellant also contends that the order was entered through collusion or fraud between the administrators and the claimant. The pleading of such fraud and collusion is a general allegation, which is simply a legal conclusion, and is not a sufficient allegation of fraud to constitute a defense. We have also carefully examined the record with reference to any evidence of fraud or collusion, and fail to find any evidence whatever constituting fraud or collusion.

■■■ It is also contended that the order of court entered on the submission of the hearing for the allowance of the claim that there were sufficient funds to pay all preferred claims and claims of the third class in full was entered by mistake. Without setting out in detail the evidence and various reports upon which the finding of the lower court was based, it is sufficient to say that we have examined the record carefully and find that there is evidence upon which to base the finding of the lower court. The evidence tends to show that there was a large amount of real and personal property belonging to this estate; that the funds received by the administrators from the sale thereof were more than sufficient to pay all preferred and all third-class claims in full. There is evidence tending to show that most of the third-class claims had already been paid in full, and that the administrators spent over $6,000 more on the real estate than the estate was liable for, and more than they received from it, whereas the unpaid claims of the third class are only $2,833.65. It tends to show that such funds were received by the administrators from estate property, and if the same had been used for the payment of charges and claims against the estate, there would have been more than sufficient to pay all of the third-class claims in full.

Again it must be remembered that this is an action in probate and was tried as an ordinary action; and the finding of facts by the court, therefore, has the same force and effect as the verdict of a jury. The case is reviewed here as any ordinary action upon errors at law only and is not triable in this court

de novo. It necessarily follows that the finding of·fact will not be disturbed if there is evidence in the record tending to support the finding of the court. Under such circumstances, such finding will not be disturbed. In re Guardianship of Roland, 212 Iowa 907, 237 N. W. 349; In re Estate of Michael O'Hara, 204 Iowa 1331, 217 N. W. 245.

In re Guardianship of Roland, 212 Iowa 907, loc. cit. 911, 237 N. W. 349, 350, this court said:

"As was said in In re Estate of Michael O'Hara, 204 Iowa 1331, 1334, 217 N. W. 245, 246: 'One other general rule applicable to cases of this character is to be borne in mind, and that is that this action is in probate, and is tried as an ordinary action. It is reviewed here as any other ordinary action, upon alleged errors of law only. It is not triable in this court *de novo*. The finding of the trial court has the force and effect of the verdict of a jury, and cannot be disturbed on appeal if there is substantial evidence in the record to support it'."

■■■ It may also be said that appellee's claim was in probate and as such was tried by the court as an ordinary proceeding. If there was any error committed by the court in the trial of that probate proceeding, it should have been corrected by appeal. No exceptions were filed to the finding of the court, and no appeal was taken therefrom. The finding of the probate court in that action was therefore a final adjudication of that action and the order entered therein. In re Guardianship of Roland, 212 Iowa 907, 237 N. W. 349; In re Estate of Michael O'Hara, 204 Iowa 1331, 217 N. W. 245.

■■■ It may also be said that the fraud, collusion, or mistake alleged in.this proceeding was not such a fraud, collusion, or mistake as would entitle the appellant to have the orders and judgment of the lower court set aside. Bradbury v. Wells, 138 Iowa 673, 115 N. W. 880, 16 L. R. A. (N. S.) 240; Tucker v. Stewart, 121 Iowa 714, 97 N. W. 148; Murphy v. Hahn, 208 Iowa 698, 223 N. W. 756.

In Bradbury v. Wells, 138 Iowa 673, loc. cit. 677, 115 N. W. 880, 882, this court said:

"That an order discharging an executor may be impeached for fraud or mistake clearly and satisfactorily established will be admitted; but·it is not every fraud or every mistake which

will have that effect. The matter complained of must be something extrinsic or collateral to the matter tried upon the original hearing, and not a fraud or mistake in the very matter on which the judgment was entered or order made.''

In the instant case the only claim of mistake alleged is that the calculations made in determining whether or not there were sufficient funds with which to pay all third-class claims in full were wrong. The evidence, however, from which the calculations were made by the court, was present before the court when the court found there were sufficient funds in the hands of the administrators to pay all third-class claims in full. This matter was therefore adjudicated when the claim was presented for allowance. That ruling, not having been appealed from, is therefore final.

 III. Appellant also contends that the court erred in not granting a stay or abatement of this action until all of the property in the estate has been disposed of for the purpose of determining whether or not all or any part of appellee's claim can be paid therefrom.

This estate has been pending since 1929; it is still in the process of administration. The record shows that there is still considerable personal and real property undisposed of. If there has been any delay in the winding up of the estate, the record shows that the delay was caused solely by the administrators. As we have found, however, there was sufficient evidence to support the court's findings that the administrators had received sufficient funds with which to have paid all preferred claims, and all claims of the third class in full, a consideration of this error is deemed unnecessary.

For the reasons hereinabove set out, we are constrained to hold that the action of the lower court in entering judgment against the principals and surety on their bond under sections 11984 and 11985 was correct. The judgment of the lower court is therefore hereby affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, MITCHELL, HAMILTON, RICHARDS, and SAGER, JJ., concur.

MILLER, J., takes no part.