Mae McCurdy et al., Appellants, v. Lillian M. Gilleland, Administratrix, Appellee; Zetta Mohler et al., Interveners, Appellees.

No. 46619.

March 6, 1945.

Rehearing Denied May 11, 1945.

Carl L. Brattin, of Sidney, Montana, and Stipe & Davidson, of Clarinda, for appellants.

J. R. Locke, of Bedford, for administratrix appellee.

J. M. Haddock, of Bedford, for intervener appellees.

BLISS, J.—Though no evidence was received and no trial was had on the merits of the cause, it having been disposed of in the district court by rulings on motions, the prolixity and duplication in the matters filed bring to this court a record of over seventy pages, from which it is difficult to make a concise and adequate statement of the matters alleged. The issues, however, are neither numerous nor involved.

Assuming certain allegations in the record to be true. some of which are admitted, it appears that: Dora Belle Johnson married Charles Wesley Gilleland on November 23, 1925; no child was born of this marriage; she died intestate on August 27, 1939, leaving as survivors her said husband, and three children by an earlier marriage; these children, who are her sole heirs, are Mae McCurdy, Guy McCurdy, and Charles McCurdy, the claimants herein; the widower, Gilleland, was again married, on a date which is not shown, but sometime in 1943; no issue was born of this marriage; he died intestate on January 16, 1944, leaving surviving his widow, Lillian M. Gilleland, the administratrix of his estate, and Zetta Mohler and Ole Mohler, his niece and nephew, respectively, as his only heirs. They are the interveners herein. It is also alleged that: On January 13, 1942, Mae McCurdy, on her petition, was appointed and qualified as the administratrix of the estate of her mother, Dora Johnson Gilleland, which she administered to the approval of the probate court, and the estate was closed, she was discharged as administratrix, and her bondsmen were exonerated

by order of the court filed February 6, 1944, approving her final report.

On February 26, 1944, the claimants filed the claim herein against the administratrix of the estate of Charles Wesley Gilleland, which they seek to have allowed, alleging that: They are the sole heirs of Dora Johnson Gilleland, deceased, who was survived by her husband; at her death she was the owner of Block 28 in the Original Town of Bedford, Iowa, the south half of which block was purchased in 1934 and the north half in 1936 by her husband, Gilleland, with her funds, for her use and benefit, but the title was taken and placed of record in his name; after the purchases Gilleland recognized and treated the property and its income as that of his wife, and upon her death the claimants became equitable owners of said property subject to the one-third distributive share of the surviving husband; on her death she also owned household articles of a value of $471; in 1942, while her estate was still pending, an agreement in writing was entered into by Gilleland and claimants regarding these property rights of their mother, and the rights therein of claimants as her heirs, but the contract had been lost and they were unable to set out a copy; the substance of the contract was that in consideration of claimants releasing and transferring to Gilleland all their right, title, and interest to said property, and the payment to him of $250 by the administratrix of their mother's estate, Gilleland agreed to execute a will bequeathing to claimants each a two-fifteenths share or interest in his estate; the claimants fully performed the contract on their part by releasing and transferring to Gilleland all of their right, title, and interest in the said property of their mother, and by the payment to him of the sum of $250 by the administratrix of her estate, which property and money were received by him in full of his claims against her estate and in full consideration of his agreement to make the aforesaid testamentary disposition; Gilleland failed to perform the contract on his part by making such, or any, bequest to claimants, and, so far as known, died intestate; and by virtue of the terms of the agreement and its breach by Gilleland, the claimants have been damaged in the sum of $15,000, for which sum they pray the court for an order allowing their claim in that amount.

On March 26, 1944, claimants filed the first amendment to their claim, realleging all of the matters set out in their claim, except that they alleged the agreement with Gilleland was a verbal one.

On March 28, 1944, the interveners filed a petition of intervention, which, in structure and effect, is an answer, stating that they joined with the administratrix of the C. W. Gilleland estate in resisting the claim and amendment thereto. Therein they admit the death of Dora Johnson Gilleland intestate, survived by her husband, and by claimants as her only heirs, and also that C. W. Gilleland died intestate. They deny all other allegations in the claim and first amendment.

On May 2, 1944, Lillian M. Gilleland, administratrix of the C. W. Gilleland estate, filed her amended and substituted answer to the claim and its first amendment. In Count One of this pleading the administratrix admits the relationships alleged, the deaths of the Gillelands intestate, and the appointment of the administratrices, and admits that C. W. Gilleland purchased the said Block 28 and took title in his name and held such title at his death. All other allegations of the claim are denied. In Count Two the administratrix makes the same admissions, denials, and allegations to the first amendment to the claim as were made in Count One.

In Count Three of this answer the administratrix, "for further answer and defense" to the claim and the first amendment, alleged: The death of Dora Johnson Gilleland intestate, survived by her husband, and by claimants as her only surviving children and heirs, and the death intestate of C. W. Gilleland on January 16, 1944; the administration of the estate of Dora Johnson Gilleland (No. 5467) by Mae McCurdy, as administratrix; the filing by her of the inventory of the assets, listing the husband as surviving spouse, and the claimants as the only heirs, and the filing of her verified final report showing the receipts, disbursements, and the distribution to said beneficiaries, which inventory and report listed no real estate owned by deceased at her death; the inventory, final report, and other pleadings, files, and records in the estate show that at her death decedent had no interest or title in and to the personal

or real property referred to in the claim or amendment thereto, and no interest or title therein ever came into the hands of said administratrix, or was ever claimed by her or said heirs; Lillian M. Gilleland is the surviving widow of C. W. Gilleland and administratrix of his estate, and the Mohlers are his only heirs; the claimants and C. W. Gilleland were the only persons interested in the Dora Gilleland estate, and all appeared therein and their rights and interests were fully determined in said probate proceeding, and particularly by the final report and order approving it, which ''constituted an order and judgment determining the amount, character and kind of the personal property in said estate * * * and adjudicating and determining the interests, legal or equitable, of said * * * deceased, in real estate. * * * constituted a judgment, adjudicating the rights and interests of said claimants herein in said personal property and in any interests, legal or equitable, and that said Dora Johnson Gilleland, had in or to [said] real estate. * * * constituted a judgment adjudicating as against the claimants herein that said claimants have no interest or right in or to the real estate and personal property'' described in the original claim and amendment; and claimants are bound thereby and are precluded, barred, and estopped by said judgment from ever having or claiming to have any right, title, or interest inuring from or deriving from said Dora Johnson Gilleland, or any right in or to the real or personal property described in said claim and amendment thereto. Prayer is for the dismissal of the claim and amendment.

On May 2, 1944, the interveners filed an amendment to their petition of intervention in which they admit, deny, and allege in substance as did the administratrix in her substituted answer. They further allege that: The final report states the administratrix of the Dora Gilleland estate received from all sources $2,655.56, all of which was received from the estate of the deceased's father, administered in Morgan County, Colorado, in the amounts and at the times following: $999.90, July 10, 1942, and $1,655.66, January 6, 1943; recitations in the final report and receipts attached show disbursements as follows: August 7, 1942, C. W. Gilleland, $250, ''for full distribution''; August 7, 1942, C. W. Gilleland, $222.47, ''for amount due from

Charles McCurdy''; January 13, 1943, Charles McCurdy, $488.91, ''for final distribution''; January 13, 1943, Mae McCurdy, $711.37, ''for final distribution''; January 13, 1943, Guy McCurdy, $711.37, ''for final distribution.'' (Our note: These figures show total receipts of $2,655.56, and total disbursements to all beneficiaries of $2,384.12, leaving a balance of $271.44, presumably expended for court costs, fees, etc. On these figures the full distributive share of C. W. Gilleland would have been $794.74, instead of $250 as stated in his receipt.)

Interveners' amendment also alleges that: Exhibit C, attached to the final report in compliance with section 12071, Code of 1939, states: ''Description of Real Estate. None''; the order approving the final report states: ''The court further finds that said Administratrix has paid all costs, claims, and charges against said estate, and * * * has made full distribution * * * according to law and [sic] the will of the decedent. The court finds that there is nothing further for said Administratrix to do in the premises. It is Therefore Ordered by the Court that the final report of Mae McCurdy as Administratrix * * *'' is approved and she is discharged and her bond released. The amendment then alleges that: The administratrix made affidavit as to the truth of the statements in the final report, stating ''that said report discloses all the property known to me to belong to said decedent.'' The remaining allegations respecting the defenses of prior adjudication and estoppel are in substance the same as the allegations of the same defenses in Count Three of the answer of administratrix of the C. W. Gilleland estate.

On May 16, 1944, the interveners filed a ''Motion for Judgment Against Claimants, Upon the Uncontroverted Defense of Intervenors'' to the claim and amendment thereto, and alleged therein that:

''This motion is made under the provisions of Rule 222 of the Rules of Civil Procedure * * * and is based upon the following facts appearing of record herein, to which records reference is hereby made.''

Reference is then made to the filing of the claim on February 26, 1944, and of the first amendment thereto on March 26,

1944, and the filing of the interveners' amendment to their petition on May 2, 1944, in which amendment the defense of prior adjudication to the claim and amendment are pleaded. The motion then alleged:

"And the said claimants have failed and neglected to file any motion or pleading to said defense, and have failed * * * to controvert the same, though more than seven days have elapsed since May 2, 1944, the date on which it was filed; and by reason thereof, and under the provisions of Rule of Procedure No. 102, said claimants are deemed to have admitted said defense and all thereof. And by reason thereof these intervenors are entitled to a judgment sustaining said defense and dismissing said claim at the claimants' cost.

"Wherefore these intervenors pray for a judgment herein, upon their said uncontroverted defense, establishing said prior adjudication as a bar to said claim and amendment thereto and dismissing the same * * *."

On May 16, 1944, Lillian M. Gilleland, administratrix, filed a motion for judgment upon the same grounds as were alleged in the interveners' motion for judgment.

On May 26, 1944, the claimants filed a resistance to the motion for judgment of the interveners, wherein claimants admitted the filing of their claim and amendment and interveners' amended petition of intervention at the times stated, and admitted that they had filed no motion or pleading to said defense of prior adjudication alleged in said amended petition of intervention, and admitted the filing of the inventory and final report in the Dora Johnson Gilleland estate by Mae McCurdy, the administratrix, and admitted the contents thereof were as alleged in said amended petition of intervention, but denied the pleaded conclusion therein that the legal effect of these matters was a prior adjudication against the claim of claimants barring and estopping them from recovery thereon.

On May 26, 1944, claimants also filed a resistance to the motion of the administratrix for judgment, substantially identical with their resistance to interveners' motion.

On May 26, 1944, the claimants filed their second amendment to the original claim wherein they alleged in Count I thereof:

The appointment of Mae McCurdy as administratrix of her mother's estate and the papers and matters filed, and the things done by her until the approval of her final report and her discharge; that in the preparation of all these filings, and in the conduct of the proceedings in the estate, the administratrix was represented by J. R. Locke as her attorney, who attended to all of these matters; the said Locke is now representing as attorney in this proceeding the administratrix of the C. W. Gilleland estate, in resistance to the claim of the claimants; that in all things done by Mae McCurdy, as administratrix, she acted under the advice and instructions of said attorney, and relied entirely upon him in all her conduct in the matter of the settlement of said estate; in the probate inventory and final report, and in the other pleadings, files, and records in said estate, as prepared for the signature of the administratrix by said attorney, there was no report made to the court of any interest in or title to any personal or real property referred to in claimants' claim and amendment thereto, and the papers, files, pleadings, and records in said estate purport to show no interest or title in said property, nor do they show what if any interest C. W. Gilleland had in said property; that Lillian M. Gilleland, the surviving widow of C. W. Gilleland and administratrix of his estate, was not at the time of the settlement of the Dora Gilleland estate, nor until a considerable time thereafter, married to C. W. Gilleland, but the latter at all times during the administration of said estate remained the surviving widower of the deceased, and during all of this time the said J. R. Locke was the attorney for C. W. Gilleland; soon after Mae McCurdy was appointed administratrix discovery was made that the decedent was the owner of the property described in the claim, which ownership was freely admitted by C. W. Gilleland in his lifetime, and in reliance upon the agreement made with him while said estate was pending settlement, to wit, that if claimants would make no claim upon him for the personal property and real estate belonging to Dora Johnson Gilleland that was then in his possession, and would transfer to him the ownership thereof, he would execute his will bequeathing to each claimant a share in his estate as alleged in the claim;

and in reliance upon said promise and agreement, and without the intention of any claimant to release or relinquish his right or interest in said property except as in exchange for the promise and agreement of C. W. Gilleland to make said bequests, these claimants did not make claim thereto but transferred ownership thereof to Gilleland; and in all said matters both the said Gilleland and the undersigned were represented by said Locke as their attorney; and such rights and interests of claimants in said property alleged to have been adjudicated by the said estate proceedings (No. 5467) were not, in fact, fully determined and adjudicated as to the rights of claimants in the share in the estate of C. W. Gilleland, in that claimants had exchanged their interest in said property and transferred same to the said Gilleland in consideration of his said agreement to make a will bequeathing the aforesaid interest in his property; and because of these facts claimants are not barred and estopped from asserting their claim against the C. W. Gilleland estate.

Count II of this second amendment to the original claim applies to and amends the first amendment, and its allegations are substantially the same as those in Count I, just above stated.

After the filing of this second amendment the interveners and the administratrix refiled their respective motions for judgment on May 27, 1944. On the same day each filed a motion to dismiss claimants' second amendment to the original claim. They are substantially the same, and allege that: The amendment, by admitting the proceedings taken in the Dora Johnson Gilleland estate, shows upon its face that these probate proceedings constitute an adjudication that the deceased had no interest in the property referred to in the claim, and that the matters alleged in the second amendment, including those applying to J. R. Locke, as attorney, giving facts and reasons why the household articles of Dora Johnson Gilleland, and her equitable and beneficial ownership of Block 28, were not inventoried as assets of her estate, did not change the legal effect of said adjudication and are not defensive thereto.

The motions were submitted to the court on May 27, 1944,

and on May 31, 1944, claimants filed a third amendment to their claim, in which they alleged that the sustaining of the defense of prior adjudication under the facts alleged would amount to a fraud upon claimants, and that the administratrix and the interveners, as successors in interest to C. W. Gilleland, under the facts alleged in claimants' second amendment are themselves estopped and barred from claiming that there had been an adjudication against the claim of claimants.

On June 10, 1944, the thirteen-page order and judgment of the trial court was filed and entered sustaining the motions of the administratrix and interveners "for judgment upon the uncontroverted defense of prior adjudication and estoppel pleaded by each of them." The alleged facts upon which said defense is based are held to be "uncontroverted" and "not in dispute" because they "have been admitted by the claimants by their failure to file pleadings responsive to said defense, and by their failure to deny the same; as well as by their express admissions of said facts in the second amendment to their claim." The claim, together with the first, second, and third amendments thereto were dismissed at the cost of claimants.

Appellants assign error on a number of the court's findings and rulings. It is necessary only that we pass upon the assignments of error which complain of the findings, order, and judgment of the court that because the property referred to in the claim and amendments was not inventoried nor accounted for in the distribution and final report, which was approved by the court, there was an adjudication against the claim.

In brief, it was the contention of the administratrix and interveners and the judgment of the court that, because the inventory and final report filed by the claimant Mae McCurdy, as administratrix of her mother's estate, did not list the personal property and real estate described in the claim filed in the C. W. Gilleland estate, and stated therein that deceased owned no real estate at her death, which final report the court ordered approved, the appellants herein, as heirs of their deceased mother, are conclusively barred and estopped, as a matter of law, on the pleadings alone, from asserting or recovering damages from the C. W. Gilleland estate for the breach of an alleged contract made by them with C. W. Gilleland

with respect to said property. We do not agree with the contentions of the appellees and the conclusions of the trial court in this matter.

I. .The appellants, by failing to attack by motion the pleadings filed by appellees on May 2, 1944, alleging facts on which they based their defense of prior adjudication and estoppel, or by filing responsive pleading thereto within the times limited by Rules 76 and 85 after May 2, 1944, did not thereby admit the truth of the alleged facts, under Rule 102 of the Rules of Civil Procedure. These rules do not by specific statement or reference to probate proceedings expressly state that they apply thereto. No section of the Code of 1939, in chapters 503 to and including 509 thereof, having to do with probate matters, is listed as a statute having no further force and effect in Appendix I of the Rules of Civil Procedure.

The statutory provisions relative to the statement and filing of claims against an estate indicate that it has been and is the intent of the legislature to make the procedure simple and free of difficulty.

Section 11957 of the 1939 Code provides that claims shall be clearly stated, and, if on a written instrument, it or a copy shall be attached showing all endorsements, and if upon an account, an itemized copy shall be attached showing the balance. This statement shall be sworn to and filed with the clerk of the district court. Section 11958. It shall be entitled in the name of the claimant against the executor or administrator of the estate, naming it. Section 11960. Unless admitted, all claims filed shall be considered as denied, without any pleading on behalf of the estate, but special defenses must be pleaded. Section 11961.

The courts also have been very liberal in construing these sections. As said in Chariton Nat. Bk. v. Whicher, 163 Iowa 571, 579, 145 N. W. 299, 302:

"It is a matter of common observation to every court and practicing lawyer that these claims are almost universally stated in very general and informal terms, being often prepared without the aid of counsel, and no court thinks of apply-

ing thereto the strict and technical rules of the law of pleading as it is observed in ordinary court proceedings * * *.''

In support of this statement, the court, in the above-cited case, quotes from Thornburg v. Buck, 13 Ind. App. 446, 451, 41 N. E. 85, 87, as follows:

''The strict rules of pleading and practice do not apply in claims against decedents' estates. Neither nicety of averment nor nicety of proof is required. * * * The statute requires that only a succinct statement of the nature and amount of the claim shall be filed. The purpose of the statute is to facilitate the settlement of estates with as little expense as possible to both the estate and the claimant. It is not contemplated that the claimant shall incur the expense of employing professional counsel and prepare his pleadings with legal accuracy.''

This court has held that:

''The claim filed stands for, and in the place of, a petition, and must be regarded as a statement of the cause of action, as under the statute no petition is required to be filed.'' Bremer County v. Curtis, 54 Iowa 72, 73, 6 N. W. 135.

See, also, University of Chicago v. Emmert, 108 Iowa 500, 502, 79 N. W. 255; In re Estate of Rule, 178 Iowa 184, 188, 159 N. W. 699; Harrison v. Harrison, 124 Iowa 525, 528, 100 N. W. 344; In re Estate of Davie, 224 Iowa 1177, 1180, 278 N. W. 616. Other decisions hold that it is a well-recognized policy and rule of this court and of courts generally that in the statement of claims against estates there is not the same degree of care, technical accuracy, fullness of allegation, particularity of pleading, as is required in ordinary actions. See Soppe v. Soppe, 232 Iowa 1293, 1297, 8 N. W. 2d 243; In re Estate of Willenbrock, 228 Iowa 234, 243, 290 N. W. 502; In re Estate of Newson, 206 Iowa 514, 523, 524, 219 N. W. 305; In re Estate of Onstot, 224 Iowa 520, 522, 277 N. W. 563; In re Estate of McKeon, 227 Iowa 1050, 1061, 289 N. W. 915; In re Estate of Stratman, 231 Iowa 480, 487, 1 N. W. 2d 636; Shoberg v. Rock, 230 Iowa 832, 837, 298 N. W. 838; In re Estate of Carpenter, 232 Iowa 919, 929, 5 N. W. 2d 175.

"Nothing in the statute requires a statement to contain any specific form of pleading, or any prayer at the end of the statement." In re Estate of Davie, supra, 224 Iowa 1177, 1180, 278 N. W. 616, 619.

See, also, In re Estate of Carpenter, supra, 232 Iowa 919, 929, 5 N. W. 2d 175.

The statutory provisions and the decisions of this court over a long period of years, above noted, are persuasive recognition of the soundness and the wisdom of the policy and principle stated. It is not reasonably conceivable that the Rules of Civil Procedure, and particularly those applying to pleadings and motions, change or were intended to change that policy and principle. We therefore hold that allegations in the pleadings of appellees filed on May 2, 1944, were not uncontroverted, and therefore deemed admitted by the appellants, simply because they did not deny them within the time required by the Rules of Civil Procedure relied upon by appellees. The court recently passed upon an analogous matter in In re Estate of Hermence, 235 Iowa 745, 750, 15 N. W. 2d 905, 908, and held that nothing in Division IV of the Rules of Civil Procedure, entitled "Pleadings and Motions" is applicable to the so-called pleadings in a will contest. For reasons equally sound we hold that said division has no application to so-called pleadings in proceedings for the allowance of claims against the estate of a decedent.

II. However, in their second amendment to the claim, filed on May 26, 1944, the appellants did admit the well-pleaded facts upon which the appellees rely to establish their defense of prior adjudication and estoppel, although appellants therein expressly denied the pleaded conclusion of the appellees that the facts so admitted conclusively established said defense. It is therefore necessary that we determine whether the court was right in deciding that the fact that the administratrix of the Dora Johnson Gilleland estate did not inventory the property described in the claim as having been owned by the deceased and as assets of her estate, and did not so claim it in her final report, which was approved by the court, conclusively established as a matter of law the defense of prior adjudication and estoppel.

We cannot agree with the trial court. The question of whether the appellants are barred and precluded from establishing their claim because of the alleged adjudication in the Dora Johnson Gilleland estate proceedings of matters adverse to said claim is not a pure question of law under this record. It is a mixed question of law and fact. And the trial court could not rightly and fairly determine that issue without first giving the appellants an opportunity of offering evidence in support of the controverted allegations of fact in their claim and amendments thereto. To entitle appellees to a judgment on their motions it must appear from the record that the facts stated in *all* the pleadings are uncontroverted and sustain the motions, and not merely that those set out in *their* pleadings with reference to the proceedings in the Dora Johnson Gilleland estate are uncontroverted. No denial or responsive pleadings were filed by appellees to the allegations in appellants' second amendment to their claim, although some of these duplicated allegations in the claim and the first amendment which had been denied. But none of the allegations with respect to J. R. Locke, as attorney for appellants and Gilleland in the estate proceedings, are denied by appellees. If such a contract as appellants allege was made, then the rights and interests of the contracting parties in the Bedford real estate and the household articles of Mrs. Gilleland were adverse as between the parties, and if Locke knew of the contract, as may be inferred from the allegations in the second amendment, the appellants should have been given opportunity to offer evidence in support of those allegations.

It must be kept in mind that in this state all property, both real and personal, of one dying intestate, vests instanter on the death of the owner in those entitled to it under the statutes of descent and distribution. This property may be taken, and the title of those in whom it vests may be defeated, if it is needed for the purposes of administration. Some of the personal property is always needed for such purposes, but unless the real estate is so required the administrator has nothing to do with it, unless he cares for it for those having the title. Otherwise he is not required to account for it. See In re Estate

of Willenbrbck, supra, 228 Iowa 234, 239, 240, 290 N. W. 502; Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 578–582, 1 N. W. 2d 721; In re Estate of Ferris, 234 Iowa 960, 978, 14 N. W. 2d 889, 899, 900.

One of the chief reasons for administration is to protect the rights of the decedent's creditors. This court has repeatedly held that where there are no debts or where no such protection is required those entitled to the property may distribute or dispose of it without administration. See Woerner, American Law of Administration, section 201; Reichard v. Chicago, B. & Q. R. Co., supra, 231 Iowa 563, 578, 579, 1 N. W. 2d 721, and cases cited. The property described in appellants' claim was not needed to pay debts or charges or for other administrative purposes in the administration of the estate of Dora Johnson Gilleland. The appellants were not seeking to reopen that estate. They were not in any way attacking any of the proceedings therein, nor were they seeking any different distribution of the property administered upon, nor any readjudication of any matter in connection with the estate.

This is not an appeal de novo, and we are not deciding the case or indicating any opinion as to how it should be decided, as we are no better informed as to what the evidence may show the facts to be than was the trial court. The above-noted decisions of this court are mentioned only because they have been considered in reaching the conclusion that the appellants are entitled to a trial of their cause upon the merits and after presentation of such evidence as may be properly receivable.

The order and judgment is therefore—Reversed and remanded.

OLIVER, WENNERSTRUM, GARFIELD, SMITH, and MULRONEY, JJ., concur.

MANTZ, J., concurs in result.