[No. 32950   Department One.   September 28, 1954.]

E. A. PHILBRICK, as Administrator, Respondent, v. JACQUELINE T. STEVE, Defendant, FRED WILLIAMS, Appellant.[1]

*Parr & Baker,* for appellant.

*E. A. Philbrick* and *John S. Lynch,* for respondent.

MALLERY, J.—The administrator brought this action to recover certain real-estate commissions retained by the defendant, Fred Williams. From a judgment for plaintiff, defendant Fred Williams appeals.

Jacqueline T. Steve qualified as administratrix of the estate of Billie Barbara Jane Miner, on October 7, 1948. In

[1]Reported in 274 P. (2d) 351.

anticipation of this, she listed certain realty of the estate for sale for eleven thousand dollars by a written contract dated October 4, 1948, with the Williams Realty Company. A sale was made on November 26, 1948, for $8,950.

Fred Williams, a partner in the real-estate company which handled the transaction, retained the agreed five per cent commission plus necessary expenses in the sum of $464.77, and remitted the remainder of the purchase price. The sale was confirmed January 4, 1949, and Williams rendered a closing statement on January 5, 1949.

Mrs. Steve's handling of the estate was such that the court removed her and, on May 31, 1951, appointed E. A. Philbrick administrator to take her place. It was necessary for the new administrator to commence several actions for the recovery of certain assets of the estate, of which the instant action is one.

We are not here concerned with Mrs. Steve and/or her liabilities, if any, to the estate. This action was brought on January 17, 1952, to recover the real-estate commission retained by Williams from the sale of the property in question more than three years after the sale had been confirmed by the court.

■ We do not reach the merits of this action for the reason that the statute of limitations has run against it.

The action is governed by RCW 4.16.080, Rem. Rev. Stat. (Sup.), § 159, which reads:

"Within three years: . . .
"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated; . . ."

It is the respondent's contention that this action does not fall under this section, because the commission retained by Williams was held in trust by him for the benefit of the estate.

This is not an action against Mrs. Steve, the former administratrix. Williams took and held the commission under

a claim of right as a contracting party from the beginning. We know of no theory by which he can be held as a trustee.

The judgment is reversed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.

December 28, 1954. Petition for rehearing denied.