[No. 33309.   Department Two.   September 29, 1955.]

E. A. PHILBRICK, *as Administrator, Appellant*, v. WILLIAM L. PARR *et al., Respondents.*[1]

[1]Reported in 288 P. (2d) 246.

*E. A. Philbrick* and *John S. Lynch,* for appellant.

*Parr & Baker,* for respondents.

ROSELLINI, J.—E. A. Philbrick, as administrator of the estate of Billie Barbara Jane Miner, deceased, brought this action to recover attorneys' fees and court costs paid from estate funds to the defendants William L. Parr and Frank E. Baker, by Jacqueline T. Steve, the former administratrix of

the estate, who was removed by the court for dereliction of duty. Another suit affecting this estate was before this court in *Philbrick v. Steve,* 45 Wn. (2d) 335, 274 P. (2d) 351.

The administratrix was removed after it was brought to the court's attention that her appointment was improper, that she had sold property of the estate without court order and for less than its value, had paid out estate funds without court order, had failed to account for certain items of personal property, and had failed to petition for the appointment of a guardian *ad litem* to protect the interests of the minor heirs.

It is admitted that the administratrix paid from estate funds to the defendants the sum of $490 as attorneys' fees without having obtained approval of the court. She also paid to them the sum of $33.20 as reimbursement for costs. The defendants stated that this amount was paid out of her personal funds. In Mrs. Steve's final report and petition for distribution, filed June 8, 1951, after the plaintiff was appointed to succeed her in the administration of the estate, she listed these items as having been paid.

The administrator filed exceptions and objections to the final report, taking specific exception to the payment of the attorneys' fees.

Thereafter, John Lynch, duly appointed guardian *ad litem* of the minor heirs, filed a petition in which he requested that reasonable attorneys' fees be set for the defendants for their services to the estate, but alleged that the fee of $490 was excessive and that this item had not been submitted to the court for approval.

Subsequently, on January 15, 1952, the probate court entered an order reciting that the administratrix, Mrs. Steve, had failed to appear but was appearing by her attorneys Parr and Baker and that she had not fully accounted for the property. The United States Fidelity & Guaranty Company, surety on her bond, was ordered to appear and answer for any deficiencies of the administratrix.

On June 8, 9, and 10, 1952, there were hearings at which the defendant Parr appeared. He claims that no testimony in regard to attorneys' fees was taken at these hearings. On

the other hand, the plaintiff, who was present as administrator, maintains that the hearings covered all the exceptions and objections to the final report. The record of the proceedings is not in evidence.

There was another hearing on June 25th and 26th, continued to and concluded on July 2, 1952, at which defendant Parr testified. Thereafter copies of the proposed findings of fact, conclusions of law, and judgment, growing out of these hearings, were served upon the defendants, along with notice of presentation. The findings, signed by the probate judge on July 6, 1953, included the following:

"It is further found that the administratrix paid from the estate assets, prior to the filing of a final report and without order of court, the sum of $490.00 to her attorney as and for services rendered, and that the estate received no benefit therefrom."

Based on its findings, the court decreed that the administrator was entitled to recover this sum from the administratrix, along with other moneys which had been improperly expended, or a total sum of $3,732.46.. Judgment was also rendered against the bonding company for $3,000, the amount of its surety.

Upon the refusal of the defendants to return the disallowed attorneys' fees and court costs, the administrator, pursuant to an order of the probate court, commenced this suit. The defendants answered and set up three affirmative defenses: (1) that the action was barred by the statute of limitations, a defense not urged on this appeal; (2) that their claim for attorneys' fees was not at issue in the probate hearings on the final report; and (3) that, on a basis of *quantum meruit,* they were entitled to the amount received plus $210, the reasonable value of the services rendered.

In his reply, the plaintiff alleged that the question presented in the third affirmative defense had been adjudicated in the probate hearing. The trial court held that the decree in probate did not preclude the defendants from asserting their claim and found that the defendants were entitled to retain $300 of the $523.30 received by them, as the reason-

able value of their services. It decreed that the balance should be returned to the estate.

On this appeal, the plaintiff urges again his contention that the decree in the probate matter is *res judicata* as to the defendants' claim against the estate for their services.

■■ An order entered upon the final account of an administrator after due notice given, while not a final settlement of the estate, is *res judicata* as to the settlement of the final account. It fixes the rights and liabilites of the administrator and binds all persons interested as to the matters embraced in such settlement until it is set aside in some direct proceeding. A settlement made by a personal representative who resigns his trust or is removed while the estate remains unsettled is not a final settlement of the estate, but is regarded as the final settlement of the outgoing representative. *In re Marsh's Estate*, 18 Wn. (2d) 308, 139 P. (2d) 284.

■ In *In re Peterson's Estate*, 12 Wn. (2d) 686, 123 P. (2d) 733, at p. 725, we defined what is meant by a "direct" proceeding, quoting from 34 C. J. 520, Judgments, § 827:

"A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court, and the fact that other incidental relief is also asked is immaterial."

As we pointed out in that case, quoting from *Thompson v. Short*, 6 Wn. (2d) 71, 106 P. (2d) 720, a collateral attack

" . . . is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."

■ Under these definitions, it is clear that the attempt to set up the claim for services in the action by the administrator, to recover funds held in trust by the attorneys who had been unlawfully paid, was a collateral attack upon the decree rendered in probate. If the claim of the defendants was adjudicated upon the hearing of the final account, and if they were parties to the action and were given an opportu-

nity to appear and assert their claim, the decree entered upon the final account was *res judicata* as to the merits of that claim.

In regard to the attorney's status at the hearing on a final report, we said, in *In re Peterson's Estate, supra,* p. 714:

"On a hearing of objections to the confirmation of the final report of an administrator or executor, the latter's attorney is, in the very nature of things, a 'party' to the proceeding and is subject to the jurisdiction of the court whenever, and to the extent that, his fee is attacked or some act of his in the course of the administration is questioned, provided, of course, that the attorney is present at the hearing and is allowed an opportunity to justify himself. All matters pertaining to the administration of the estate are then before the court, and it has authority to enter any orders which may be necessary to the proper closing of the estate. If an order affecting the attorney for the administrator is necessary to that end, the court has jurisdiction over him for that purpose, subject only to the qualification previously mentioned."

Before the hearings on the final account, the guardian *ad litem* for the minor children submitted a written petition in which he requested that the proper fees for the defendants be determined. The hearings were held for the express purpose of justifying the expenditures made by the administratrix without court order. The defendant Parr was present and testified. He has not shown that he was denied an opportunity to justify the amount paid to him as a fee for his services. Not only was it his duty to his client to justify these expenditures if he could do so, but, having received payment from estate funds with full knowledge that the payment was made without authority, it was incumbent upon him to assert his claim if he wished to avoid liability to the estate. The court found as a fact that the estate had derived no benefit from the defendants' services. The defendants having failed to attack directly the judgment entered on this finding, they may not now be heard to question its validity in a collateral proceeding.

The judgment is reversed in part and remanded, with directions to enter a judgment for the plaintiff in accordance with the prayer of the complaint.

HAMLEY, C. J., MALLERY, WEAVER, and OTT, JJ., concur.