[No. 38447.    Department One.    December 8, 1966.]

*In the Matter of the Estate of* Jack C. Shea, *Deceased.* William J. Van Natter, *as Administrator, Appellant,* v. Dorothy Holmes *et al., Respondents.**

*Reported in 421 P.2d 356.

*William J. Van Natter,* pro se.

*Perry B. Woodall* and *Elwood Hutcheson,* for respondent Holmes.

*Patrick H. Shea,* pro se.

HUNTER, J.—This is an appeal by the administrator de bonis non, William J. Van Natter, of the estate of Jack C. Shea, from a declaratory order of the probate court allowing certain claims against the estate and directing that a final account be prepared. The respondents are the two former personal representatives of the testator: Dorothy Holmes (formerly Dorothy Shea), the wife of the testator and executrix under his will, and Patrick H. Shea, the brother of the testator, who became executor after the resignation of Mrs. Holmes.

This estate was previously before us in *In re Shea's Estate,* 60 Wn.2d 810, 376 P.2d 147 (1962). In that appeal, we upheld a challenged sale of Dorothy Holmes's interests in her husband's estate to Patrick Shea; but we refused to allow him reimbursement for claims owned by Dorothy Holmes, since their purchase was not made with consent of

the probate court and he could not prove that the allowance of such claims would not result in a profit to him as executor.

Pending our written opinion in *Shea's Estate, supra,* Dorothy Holmes commenced an action for recission and fraud against Patrick Shea; and after his resignation as executor, she joined the estate and Mr. Van Natter, the newly appointed administrator de bonis non. Subsequent to the filing of our opinion, Dorothy Holmes settled this lawsuit and received back her reimbursement claims by assignment from Mr. Shea.

In the meantime, Mr. Van Natter discovered that the checking account of the Prosser Motel, the major asset of the estate, was a joint signature account rather than one with survivorship features. He commenced a separate action against Mrs. Holmes to collect the balance of the account at her resignation as an asset of the estate. This action was ultimately consolidated in the main probate proceeding.

The probate court, considering it necessary to dispose of these issues and prevent further litigation, allowed protracted hearings on these matters. At the conclusion of these hearings, the court implemented our previous order in effect by recognizing the estate's right to the checking account balance; but rejected the estate's claim of a constructive or resulting trust upon the interests held by Mr. Shea. It allowed the claims for reimbursement by Mrs. Holmes but offset $2,806, the amount in the checking account at the date of the testator's death. Patrick Shea was awarded an additional $4,000 attorney's fee for his appearance in these hearings.

Mr. Van Natter, as the administrator de bonis non, has appealed from this declaratory order of the probate court.

Counsel for both respondents contend that procedurally no right of appeal lies by an administrator from an order of the probate court, since he is not an aggrieved party in such a capacity and has no interest in the estate except as the appointee of the court. We do not agree.

It is the duty of an administrator to protect the estate from invalid and doubtful claims and obligations. He may

appeal from orders or judgments, which, he believes, will unlawfully diminish the assets of the estate. *Thompson v. Weimer,* 1 Wn.2d 145, 95 P.2d 772 (1939).

The appellant administrator contends that the trial court erred in failing to impress the interest of Mr. Shea with a constructive or resulting trust in favor of the estate. The administrator asserts that Dorothy Holmes agreed secretly with Patrick Shea that he should purchase her interest in the estate and replace her as executor; in consideration for which he would allow her to retain the family car, the furniture and the Prosser Motel checking account; and in addition give her $15,000 cash. He argues that this later discovery that the bank account was in fact an asset of the estate made Mr. Shea's use thereof in his agreement with Mrs. Holmes a use of the estate's assets for private speculative purposes.

The probate court rejected this argument as groundless. It found that after the death of the testator, the respondent Dorothy Holmes used the checking account as a depository for the receipts and disbursements connected with the operation of the motel; that the same account was used to pay the funeral expenses and various other debts and expenses owed by the estate; that she acted the way a person would normally act under a will in which she was the executrix, and used the funds in a manner a normal, prudent person, acting under the advice of counsel she then had, would act; and that she had clear reason to believe the account was hers under the will to do with what she perceived to be proper.

The record shows that Mrs. Holmes wanted to be free of her responsibilities to the estate and had offered her interests to anyone who would pay her the $15,000 asking price. The record is also clear that Mrs. Holmes at all times considered the motel checking account to be her own and did not consider its retention as part of the consideration in the sale of her interests.

In view of the factual determinations by the probate court, which are supported by the record, and the lack of affirmative evidence of fraud or overreaching, there is no

basis upon which this court could impose either a constructive or a resulting trust on the interests of either party respondent.

The conclusion of the trial court that failure to inventory the Prosser Motel checking account in the estate was the inadvertent mistake of the former executors but that the amount in the account at the testator's death should be returned to the estate was proper.

The administrator contends that the trial court improperly allowed the reimbursement claims of Mrs. Holmes; for as an assignee of Mr. Shea, she could take no greater rights in these claims than he possessed and since he was barred from their collection by our previous decision, she also would be unable to assert them against the estate.

We held in *Shea's Estate, supra,* insofar as pertinent here, that Mr. Shea could not recover the reimbursements for the reason that he did not apply to the court for permission to purchase the claims of Mrs. Holmes and did not receive court approval of the purchase, as provided by RCW 11.48-.080 which states:

" . . . No executor or administrator shall purchase any claim against the estate he represents, but however the executor or administrator may make application to the court for permission to purchase certain claims, and if it appears to the court to be for the benefit of the estate that such purchase shall be made, the court may make an order allowing such claims and directing that the same may be purchased by the executor or administrator under such terms as the court shall order, and such claims shall thereafter be paid as are other claims, but the executor or administrator shall not profit thereby."

The terms of this statute are prohibitory in nature. Consent to purchase the claims not having been made by the court, there could be no valid transfer of them to an executor. The situation of the parties is precisely the same as though Mrs. Holmes had not parted with the claims in the first instance; she was and remains the original owner thereof, and the trial court properly allowed her to assert them as valid and subsisting obligations of the estate.

The administrator contends that if the reimburse-

ment claims were properly allowed, the trial court nevertheless erred by including the mortgage charges allocated to interest, taxes, insurance and water assessments on the motel property.

Consideration of the decedent's will is helpful in the resolution of this question. It provided in Article IV:

> That any and all property, of whatsoever nature or wheresoever located, of my estate remaining shall be and remain under the exclusive control, possession and use of my wife, DOROTHY SHEA, to the end that it shall remain a part of the business known as PROSSER MOTEL and she shall receive, so long as she operates and manages said motel, all income and earnings therefrom.
>
> It is my desire that said business, known as PROSSER MOTEL, be sold at as early a date as practicable. Decision regarding buyer and terms of sale of said business may be made exclusively by DOROTHY SHEA; I place no limitations or restrictions upon her, leaving all decisions thereto entirely to her. I further provide that DOROTHY SHEA is not, so far as my estate is concerned, to be liable personally for any acts done or decisions made in the operation or sale of said business. I further direct that said operation of the PROSSER MOTEL business be done without the control and intervention of any court and that my wife be not bonded.

It was the clear, definite, dominant intention and purpose of the testator to give all income and earnings from the motel to his wife. His primary concern was to see that his wife was adequately provided for and to this end the testator placed no restrictions upon her. He further provided that she could not be held personally liable to the estate for acts or decisions made in the operation or sale of the business. The allowance of the claims in full by the probate court was in conformity with the express intention of the testator.

█ The administrator contends, however, that depreciation should be considered in determining the income and earnings received by Mrs. Holmes. The income beneficiary is not required to have deducted from such income an amount for depreciation, unless so directed by the instrument or the law of the state. *Chapin v. Collard*, 29 Wn.2d

788, 189 P.2d 642 (1948); *Rigg v. Lawyer,* 67 Wn.2d 546, 552, 408 P.2d 252 (1965).

The administrator contends that the final accounts of the former representatives were approved without proper notice and hearing. The contention is without merit. Notice is not necessary for any report prior to the final report unless requested under RCW 11.28.240 or required by the court. RCW 11.76.020. The accountings of former representatives are interim reports to the estate, although final settlements of the outgoing representative. *Philbrick v. Parr,* 47 Wn.2d 505, 508, 288 P.2d 246 (1955).

The administrator finally contends that the trial court's award of the additional attorney's fees to Patrick Shea was excessive. In view of our disposition of this case, we are satisfied that the attorney's fees allowed were not unreasonable.

The declaratory order of the trial court is affirmed.

ROSELLINI, C. J., HILL and OTT, JJ., and BARNETT, J. Pro Tem., concur.