In the Matter of the ESTATE OF Daniel BORREGO, Jr., Deceased, Appellee;

Kent HUTCHESON, Appellant,

v.

FIRSTAR BANK BURLINGTON, N.A., Conservator for Shawna Lisa Andries and Gregory Daniel Andries; Farmers & Merchants Bank & Trust, Administrator of the Estate of Daniel J. Borrego, Jr.; Burlington Bank & Trust Company, Conservator for Sylvia Marie Borrego, Appellees.

No. 91–888.

Supreme Court of Iowa.

Sept. 23, 1992.

Emil Trott, Jr., Des Moines, for appellant.

Merry C. Ford of Ford Law Offices, Burlington, for appellee Firstar Bank Burlington, N.A., conservator for Shawna Lisa Andries and Gregory Daniel Andries.

James W. Miller, Cray, Goddard & Miller, Burlington, for appellee Farmers & Merchants Bank & Trust, adm'r of the estate of Daniel Borrego, Jr.

David A. Hirsch, Beckman & Hirsch, Burlington, for appellee Burlington Bank & Trust Co., conservator for Sylvia Marie Borrego.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

This appeal involves a dispute over attorney fees in a probate matter arising from two orders of the district court. The first order set aside an earlier authorization for the payment of attorney fees to Kent Hutcheson. This order also required Hutcheson to either file an appropriate request for attorney fees or immediately reimburse the Daniel Borrego, Jr., estate the sum of $41,700, the fee previously authorized. The second order entered judgment against Hutcheson in favor of the estate for this amount. Upon Hutcheson's appeal, we reverse and remand for further proceedings.

Daniel Borrego, Jr., (decedent) died on June 9, 1988, from injuries sustained when he was hit by a car driven by Arthur Olson. On June 13, decedent's brother, Jesus Borrego, and mother, Felisiana Borrego, were appointed administrators of his estate. Jesus, a resident of Indiana, speaks limited English. Felisiana, a resident of Iowa, speaks no English.

The original petition for administration was filed with the clerk of court listing decedent's heir-at-law as Sylvia Borrego, a minor daughter. The administrators also designated two attorneys not involved in this appeal as their attorneys. On June 16, a form was filed designating Hutcheson as the attorney for the estate along with a letter terminating the previous attorneys, both under the alleged signature of the administrators. Jesus maintains he never met Hutcheson and claims the signatures on the termination letter and designation papers were not his.

Hutcheson testified that the Borrego family came to him because they wanted to obtain guardianship over Sylvia in order to prevent the child's mother from making any claim that the child might have against Daniel Borrego's worker's compensation. Hutcheson secured an appointment of the child's paternal grandparents (grandparents), Daniel H., Sr., and Felisiana Borrego, as the guardians and conservators of Sylvia and served as their attorney.

In September, Hutcheson presented applications and received court orders granting a settlement of the tort claim against Arthur Olson's estate for $100,000 and the allowance of the payment of attorney fees to him in the sum of $33,330. Later, in October, Hutcheson presented an application and received an order approving attorney fees in the sum of $8,370 based on a $25,000 settlement that he obtained from decedent's underinsured motorist coverage. All of these orders were obtained ex parte without notice to decedent's heirs.

It now appears undisputed that decedent was also the father of Shawna Lisa Andries and Gregory Daniel Andries, minors. While the exact time is in dispute, Hutcheson indicated that he found out about the claims of these two children between the first and second settlements. On October 3, the same date Hutcheson received the first order on attorney fees, Hutcheson also obtained an order of the court allowing the payment of the estate's indebtedness out of the court settlement and the payment of the balance of $39,330 to Sylvia's conservatorship. On November 17, Hutcheson wrote a check to the grandparents, as individuals, for $16,770. Apparently, this represented the proceeds from the second settlement. The grandfather applied $6,000 of such funds to his own personal use.

During subsequent proceedings, the Andries children were declared heirs of decedent. In May 1990, the conservator for the Andries children filed an application that, in part, asked the court to reconsider its award of attorney fees to Hutcheson on grounds the fees were excessive. The court ordered that Hutcheson, as attorney for the conservators and as the designated attorney in estate of decedent, be notified by mail of the application and the time of hearing.

Hutcheson obtained a continuance of the hearing. He appeared on the subsequent date set for hearing and withdrew as attorney for the estate and the conservatorship. The grandparents withdrew as conservators of Sylvia and a new conservator for Sylvia was appointed. The administrators for the estate were replaced also. Hutcheson remained and testified during the hearing. The hearing continued into a second day, however, Hutcheson departed from the hearing at the close of his testimony. The hearing was not completed during the first two days and was to reconvene at a time and date to be determined. This date was subsequently set and the parties notified, however, Hutcheson was not notified of the final date of the hearing. Following a conclusion of the hearing, an order (the first order) was entered setting aside Hutcheson's fee orders and requiring him to resubmit his fee application or reimburse the estate by March 15, 1991.

Hutcheson moved to vacate and set aside all orders pertaining to him pursuant to

Iowa Rule of Civil Procedure 104(a). He challenged the court's personal jurisdiction over him because of lack of service or notice. He also claimed the court did not have jurisdiction of the subject matter which would authorize it to enter the previous order.

On March 22, 1991, the conservator for Sylvia filed a request for entry of judgment, claiming that Hutcheson had failed to make the appropriate application for attorney fees and did not reimburse the estate for the fees he had previously received.

The record before us reveals neither a formal court order prescribing the time and place of hearing nor the time and manner of the service of notice of hearings on the motion or request for judgment. The clerk of court signed and mailed a "clerk's notice of hearing" advising Hutcheson and all counsel of record that all pending motions would be heard at a designated time and place. Hutcheson then supported his rule 104(a) motion with an affidavit containing facts concerning jurisdiction and his attorney appeared for him at the hearing called by the clerk and continued to raise his jurisdictional claims. In its ruling (the second order), the court concluded that it had continuing jurisdiction over Hutcheson and entered judgment against him for $41,700 in favor of the estate.

On appeal, Hutcheson maintains the trial court lacked jurisdiction and violated his rights to due process of law by (1) ordering him to file an application for attorney fees pursuant to Iowa Code section 633.202 [1] or return fees; (2) subsequently ordering judgment against him in a proceeding to which he was not a party and of which he had no adequate notice.

■ I. *Subject matter jurisdiction.* Hutcheson complains that a petition naming him as a party to the action has never been filed nor was an original notice complying with the Iowa Rules of Civil Procedure ever served on him. It is true that all of the proceedings that occurred in regard to these two orders have emanated from the probate proceedings and no attempt has been made to docket a civil action or serve notice pursuant to civil rules. The issue is whether the probate court was authorized to consider the request for the return of the fees and enter judgment.

Our Iowa Probate Code, Iowa Code chapter 633, clearly defines the jurisdiction of the district court sitting in probate and its authority to allow and review attorney fees. The district court sitting in probate has jurisdiction over the administration, settlement and distribution of estates of decedent. Iowa Code § 633.10. The court has authority to allow attorney fees. Iowa Code §§ 633.198–.199. Before such fees should be paid, an affidavit is to be filed by the attorney relative to compensation. Iowa Code § 633.202. Orders obtained without notice are not final and are reviewable by the court at anytime. Iowa Code §§ 633.36–.37. Thus, the court has the authority to not only set attorney fees, but to vacate the allowance of fees.

■ We also believe that the court's authority to vacate fees carries with it authority to enter judgment for the return of the fee to the extent that it is excessive. *In re Peterson's Estate,* 12 Wash.2d 686, 123 P.2d 733, 746–47 (1942); *see In re Estate of Ferris,* 234 Iowa 960, 970, 14 N.W.2d 889, 896 (1944). Subject to notice and the opportunity to defend, the court may order the attorney to return any portion of the fee later found excessive. *Peterson,* 123 P.2d at 754; *Philbrick v. Parr,* 47 Wash.2d 505, 288 P.2d 246, 249 (1955). Under our statutory framework, that authority directly flows from the court's authority to administer estates and to review ex parte orders. We do not indicate, however, that the court sitting in probate has authority to enter other judgments against an attorney acting for a fiduciary.

■ II. *Personal jurisdiction.* Hutcheson maintains that the probate court did not have personal jurisdiction to enter either order because he had neither been served with an original notice nor voluntarily consented to the jurisdiction of

1. All references to the Iowa Code are to the 1989 edition.

the court. We conclude he has consented to personal jurisdiction of the court. By the very nature of an attorney fee application prepared by the attorney, the attorney is the real party in interest and is subject to the jurisdiction of the court to the extent the fee is later attacked. *Peterson,* 123 P.2d at 746; *Matter of Estate of Larson,* 103 Wash.2d 517, 694 P.2d 1051, 1059 (1985). Hutcheson, by his request for fees, had submitted to the jurisdiction of the court.

III. *Due process.* Hutcheson raised due process claims in his motion to vacate the first order and in resisting the request for judgment against him. These matters came on for hearing on May 6, 1991, pursuant to a clerk's notice of hearing that all pending motions would be heard at this time. In separate orders filed simultaneously, the district court denied Hutcheson's motion to vacate and entered judgment against him.

■ A guiding principle of procedural due process mandates notice and the opportunity for hearing appropriate to the nature of the case. *In re Estate of Lemke,* 216 N.W.2d 186, 189 (Iowa 1974). Notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.*

■ Hutcheson raises numerous claims suggesting notice and hearing deficiencies. We will limit our consideration to two of them. First, Hutcheson claims the notice regarding the fees at issue was deficient. The application by the conservator for the Andries children attacked the early distribution and accounting of funds. Its reference to attorney fees requested the court to "reconsider the attorney fees" awarded and *"If no good cause can be shown necessitating the award in excess of Local Rule 27(9), the court should order the excess with interest thereon be returned to the estate."* (Emphasis added.) In its ruling on the motion to vacate, the district court correctly concluded that Hutcheson was placed on notice that his attorney fees were an issue, but overlooked the fact that the notice was confined to fees in excess of the local court rule rather than a return of the entire fee. On appeal, Hutcheson urges that the difference in the fee granted and the amount allowed under the local rule is $4,160.

■ Hutcheson's second claim of deficient notice concerns the adjournment of the hearing and its resumption over two months later without notice to Hutcheson. While Hutcheson left the hearing after he testified, we do not believe this waived notice of the resumption of the hearing.

We conclude that Hutcheson was deprived of procedural due process in these two instances. We next determine the consequence of such violations.

■ Initially, we recognize that the district court could have set aside the attorney fee allowance without notice or a hearing. The orders setting attorney fees were entered ex parte and accordingly were not final to those not having notice. Iowa Code § 633.36. When such notice is lacking, the matter is reviewable by the court at anytime. Iowa Code § 633.37; *In re Estate of Jenkins,* 245 Iowa 939, 940, 65 N.W.2d 92, 93 (1954); *In re Estate of Schropfer,* 225 Iowa 576, 585, 281 N.W. 139, 144 (1938). A court may vitiate a nonjurisdictional judgment on its own motion. *Dimmitt v. Campbell,* 260 Iowa 884, 888–89, 151 N.W.2d 562, 565 (1967). We do not encourage this practice, however. We believe that common courtesy dictates that notice and an opportunity for hearing be given before such action be employed.

■ When we go beyond the portion of the first order setting aside the fee authorization, the due process violation poses problems involving the balance of this order and the subsequent order of judgment. The balance of the first order required Hutcheson to file the appropriate fee request or reimburse the estate. He chose to challenge the court's jurisdiction to enter this order and the procedural due process afforded him. As a result, the district court overruled his motion and simultaneously entered judgment against him for the full amount of the fee previously allowed. The two notice defects previously

mentioned deprived him of a fair hearing on the amount of the fee that was to be returned, if any.

We recognize that he was given the opportunity to file an appropriate application for fees and obtain a hearing. However, such an application would have been inconsistent with his attack of the first order on jurisdictional and due process grounds. The effect of the due process violations coupled with the simultaneous filing of the court's rulings on the motion and request for judgment deprived Hutcheson from obtaining a fair hearing on the matter of attorney fees and the amount of a judgment, if any, to be entered against him. Consequently, we reverse the entry of judgment against him and remand for further proceedings.

REVERSED AND REMANDED.