In the Matter of the ESTATE OF Rose ADAMS, Deceased.

Linda Roepsch, Executor, and Allied Mutual Insurance Company, Appellees,

v.

Charles H. Jacobs, Appellant.

No. 98–03.

Supreme Court of Iowa.

Sept. 9, 1999.

David L. Hammer, Angela C. Simon, and Scott J. Nelson of Hammer, Simon & Jensen, Dubuque, for appellant.

Dennis J. Naughton of the Naughton Law Firm, Dubuque, for appellee Linda Roepsch.

Benjamin B. Ullem and John F. Fatino of Whitfield & Eddy, P.L.C., Des Moines, for appellee Allied Mutual Insurance Company.

Considered by McGIVERIN, C.J., and LARSON, SNELL, CADY, and HARRIS,* JJ.

SNELL, Justice.

This appeal comes to us devolving from matters in the estate of Rose Adams. Charles H. Jacobs was the executor and attorney for the estate but was removed for misappropriating estate funds. The issue here is what procedure is lawful to determine the amount of defalcation. Jacobs claims he was denied due process of the law by the procedure approved by the district court. We agree and reverse and remand for further proceedings.

## I. Background Facts and Proceedings

Rose Adams died in 1993, leaving only her son, Paul Adams. Her will appointed Charles Jacobs as executor and attorney for the estate. Allied Mutual Insurance Company was the surety of a $100,000 fiduciary bond filed by Jacobs. In April 1997, Jacobs was removed from all probate matters he was handling and his license to practice law was suspended. Linda Roepsch was subsequently appointed successor executor of the estate.

At the time Roepsch was appointed, the assets of the estate amounted to less than $30. She later determined that the original value of the estate was approximately $190,000. Believing approximately $145,-000 of the estate was misappropriated by Jacobs for his personal use, Roepsch filed an application with the district court pursuant to Iowa Code section 633.186 (1997) seeking a determination of damages to the estate, and enforcement against Jacobs and Allied. Jacobs did not resist or otherwise respond to the application. Allied agreed by stipulation it would pay the estate the full amount of the bond plus interest in exchange for a release and assignment of the claim against Jacobs. Adopting this stipulation, the court entered judgment against Jacobs in the amount of $142,151.89, plus interest and costs. Jacobs appeals.

Jacobs argues he was denied procedural due process when the district court entered judgment against him without affording him an opportunity to be heard. Jacobs also contends Iowa Code section 633.186 only allows for summary determinations of damages caused to the estate; therefore, the court was without power to summarily determine whether he, as a bonded fiduciary, breached his obligations. Jacobs maintains both the statute and common law required Roepsch to file a separate action against him. He also maintains that he is entitled to a hearing to assess his liability before any judgment can be entered against him.

Executor Roepsch and the surety Allied state that Jacobs failed to preserve error because he was given notice of the application filed against him pursuant to section 633.186 and failed to object or otherwise respond at the district court level. Roepsch also argues that if the district court order is ex parte, it is thereby inter-

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

locutory and cannot be considered a final judgment subject to appeal.

## II. Scope of Review

 We have taken this case as a final judgment. All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice. Iowa Code § 633.36. The issue here involves a fundamental constitutional right which we review de novo. We will review the construction of the statutes involved applying the constitutional standard. *Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994).

## III. Pleadings and Order

The Iowa statute under which the district court proceeded is section 633.186(2) which states:

> *Summary enforcement in proceedings for administration.* Subject to the provisions of subsection 3 hereof, the court may, upon the breach of the obligation of the bond of a fiduciary, after notice to the obligors on the bond and to such other persons as the court directs, summarily determine the damages as a part of the proceeding for the administration of the estate, and by appropriate process enforce the collection thereof from those liable on the bond. Such determination and enforcement may be made by the court upon its own motion or upon application of a successor fiduciary, or of any other interested person. The court may hear the application at the time of settling the accounts of the defaulting fiduciary or at such other time as the court may direct. Damages shall be assessed on behalf of all interested persons and may be paid over to the successor or other nondefaulting fiduciary and distributed as other assets held by the fiduciary in the fiduciary's official capacity.

A large number of procedural filings were made in the case by Paul Adams and executor Roepsch, most of which bear little on the issue on appeal. Those that do commenced with the filing by Paul Adams in the Adams estate of a document entitled "Claim on Fiduciary Bond." The district court set the Paul Adams claim for hearing on December 3, 1997. On October 27, 1997, Allied, maker of the executor's bond in the amount of $100,000, resisted the claim, stating that it was negotiating with the successor executor. On November 7, 1997, executor Roepsch filed an application for "Determination and Enforcement of Indebtedness." The district court then entered a scheduling order resetting the Paul Adams claim and setting the Roepsch application for hearing on January 16, 1998.

Before the hearing date, Paul Adams, on December 2, 1997, withdrew his request for summary ruling on the bond. On December 4, 1997, Paul Adams waived notice of hearing. On December 5, 1997, a Stipulation, Order and Judgment was entered by the district court which included entry of judgment against Jacobs in the amount of $142,151.89. On December 12, 1997, the district court entered an order canceling the hearing previously set for January 16, 1998. The notice of appeal was filed by Jacobs on December 31, 1997.

The district court's order of December 5, 1997, provided as follows:

1. Successor Executor filed an Application for Determination of Indebtedness of Charles H. Jacobs, former executor, and Allied Mutual Insurance Company pursuant to § 633.186 Code of Iowa, to which no response or objection has been filed.

2. Successor Executor and Allied Mutual Insurance Company have agreed that upon the entry of a judgment against Charles H. Jacobs as prayed for in the above-referenced Application for Determination of Indebtedness, Allied Mutual Insurance Company will pay the Rose Adams Estate the full amount of its bond liability of $100,000.00, together with $500.00 interest, in exchange for a Release and Assignment of Claim, and

upon this Court's entry of an Order authorizing said settlement and release.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that upon the above Stipulation and pleadings in this proceeding, the Court hereby enters JUDGMENT against Charles H. Jacobs in the amount of $142,151.89, together with interest and costs.

IT IS FURTHER ORDERED that the Successor Executor is authorized to accept Allied Mutual Insurance Company's offer of settlement of $100,500.00 pursuant to the Stipulation above; and

IT IS FURTHER ORDERED that the Substitute Executor is authorized to execute a Release and Assignment of Claim in favor of Allied Mutual Insurance Company and in exchange for its payment as above stated.

### IV. Analysis

██ Due process has two fundamental requirements: notice and opportunity to be heard. *In re K.L.C.,* 372 N.W.2d 223, 226 (Iowa 1985). A guiding principle of procedural due process mandates notice and opportunity for hearing appropriate to the nature of the case. *In re Estate of Lemke,* 216 N.W.2d 186, 189 (Iowa 1974). Notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313–14, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 865 (1950)).

In *Estate of Borrego* we said:

In its ruling on the motion to vacate, the district court correctly concluded that Hutcheson was placed on notice that his attorney fees were an issue, but overlooked the fact that the notice was confined to fees in excess of the local court rule rather than a return of the entire fee. On appeal, Hutcheson urges that the difference in the fee granted and the amount allowed under the local rule is $4,160.

Hutcheson's second claim of deficient notice concerns the adjournment of the hearing and its resumption over two months later without notice to Hutcheson. While Hutcheson left the hearing after he testified, we do not believe this waived notice of the resumption of the hearing.

We conclude that Hutcheson was deprived of procedural due process in these two instances.

*In re Estate of Borrego,* 490 N.W.2d 833, 837 (Iowa 1992).

██ The executor and insurer argue that Jacobs' right to a hearing on the claim against him was waived by his failure to respond to the notice of claims, his dilatory tactics in not appearing for a deposition, his moving to quash a subpoena, and his request for a protective order. They cite his failure to cooperate throughout these proceedings and further note that as former executor and attorney he had submitted to the court's jurisdiction.

The cases they cite in support of these arguments, however, included a hearing on the liability issue and decided other issues raised. *See In re Davie's Estate,* 224 Iowa 1177, 278 N.W. 616 (1938); *In re Kessler's Estate,* 213 Iowa 633, 239 N.W. 555 (1931); *In re Carpenter's Estate,* 210 Iowa 553, 231 N.W. 376 (1930). They do not support the idea that the right to due process was waived.

Further argument by the executor and insurer is that the issue appealed is barred by Jacobs' failure to file post-trial motions. Jacobs responds that when there was no trial or hearing held there was no record that could be addressed by post-trial motions. The only avenue for redress, Jacobs asserts, was by the process of appeal. We agree that Jacobs proceeded properly.

Iowa Code section 633.186(2) clearly provides a summary procedure for assessing liability against a surety, the assumption being that the principal has been found liable. In the instant case, the stat-

ute was used to summarily find the principal liable based on the surety's admission of liability. The statute is not written to be applied in this manner and we find no legislative intent to do so.

In this case, the statute has been misapplied and due process of law has been skirted. Having set a hearing date with notice to Jacobs, the court erred in deciding the case before the hearing date without notice to Jacobs and subsequently canceling the January 16, 1998 hearing date.

We reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**